## E. G. GRAVES vs. J. P. HICKMAN.

### SUPREME COURT, AUSTIN TERM, 1883.

*Minor—Removal of Disabilities.*—Arts 7002–4, P. D., regulating the removal of the disabilities of minors were not intended to aid strangers or relations of the minor to get possession of his property without the delay and inconvenience of probate proceedings.

*Pleading—Tender.*—See case for averments in petition and proffer therein to do equity, held sufficient.

Appeal from Bexar County.

The case was decided in the district court on a general demurrer to the petition of appellant. The petition of E. G. Graves states in substance that he is the owner of five-eights undivided interest in and to certain property, described in the petition and located in the city of San Antonio, and that his father, R. L. Graves, is the owner of the remaining three-eighths interest; that in October, 1874, E. Graves was a minor and about eighteen years old, and was at school in the State of Indiana; that R. L. Graves, the father of petitioner, was about that time largely indebted to Hickman; that Hickman and R. L. Graves concerted and arranged togethar to have the disabilities of non-age removed from E. G. Graves *for the purpose of thereafter inducing* E. G. Graves to pledge his interest in the homestead property to secure a large and pre-existing debt due Hickman by R. L. Graves; that, in accordance with said pre-arranged plan, a petition was filed in the District Court of Bexar county, praying that the disabilities of non age of E. G. Graves be removed, and that the District Judge did, on the 12th day of October, 1874, remove the said disabilities. Petition further charges that proceedings in the district court of October 12th, 1874, were *not* made and instituted by E. G. Graves, or by any one authorized to represent him; that on 20th of October a power of attorney was received and signed by E. G. Graves, constituting R. L. Graves his attorney in fact to control, sell or pledge the land claimed in the petition; that E. G. Graves was inexperienced and unacquainted with business matters, and did not know, nor did the power of attorney state *how much* the said R. L. Graves was owing Hickman; that under this power of attorney R. L. Graves signs the name of E. G. Graves to a note payable to Hickman, for seven thousand five hundred dollars, and a deed of trust to secure the same, on the property claimed in this petition; that the property is about to be sold under this deed of

trust. . Petition further states that E. G. Graves does not know *how* much, if any, of the said $7,500 was used by R. L. Graves for the benefit of petitioner, and expresses a willingness to repay all of the money that was used for his benefit, and prays that an account be stated between Hickman, who it alleges received all of the rents, issues and profits of the property since the deed of trust was executed, and E. G. Graves, petitioner, further prays for an injunction, and for general relief; and in the alternative, for the interest of R. L. Graves to be sold first, &c.

No evidence was adduced on the trial, as the cause was dismissed on general demurrer.

Opinion by Delaney, J.

Our opinion is that there is error in the judgment of the court below.

We must suppose that the act of October 24th, 1871, (Pasch. 7002–4) regulating the removal of the disabilities of minors, was passed in the interest of persons of that class. It certainly was not intended to aid strangers, or the relatives of the minor, to get possession of his property without the delay and inconvenience of probate proceedings. And we may suppose that in any proceedings before the district court under this act, it would be made to appear to the court that the promotion of the minor's interest was the only motion to the proceeding. And if the real purpose was, not to benefit the minor, but to divert his property to the use of others, . then a fraud was practiced upon the court, and at the same time a great wrong done to the minor.

The demurrer admits the allegations contained in the petition to be true. They are not set forth with a distinctness and certainty which ought to be found in a petition asking for equitable relief, but no objection is made on that ground. The petition sets forth that in the year 1874, R. L. Graves was largely indebted to the defendant; that plaintiff was not bound in any way for that debt; that at that time when the plaintiff was only eighteen years of age, and was wholly ignorant of matters pertaining to the transaction of business, and while he was absent from the State, the defendant knowing all these facts, concerted with R. L. Graves to procure the removal of plaintiff's disabilities; that they immediately obtained from plaintiff a power of attorney, by virtue of which said R. L. Graves conveyed

plaintiff's land, in trust, to secure his pre-existing debt, to defendant. The plaintiff further avers that the defendant has had possession of the property and has received rents and profit to an amount unknown to plaintiff; declares plaintiff's willingness to repay any sums that may be found due by him to defendant; asks an account, &c.

The objections which counsel for appellee made to the petition in their brief are that it does not allege a legal tender by plaintiff of money admitted to be due to defendant; that plaintiff alleges that defendant is largely indebted to him for rents and profits, but does not state any amount; and lastly that it does not show any diligence, or attempt to excuse his ignorance of the respective amounts of indebtedness. It is a general rule that when an infant has sold land, and after attaining his majority would disavow his contract and recover back the land, he must tender the purchase money. (Kilgore vs. Jordan, 17 T., 344; Cummings vs. Parell, 8 T., 81.) This rule has generally been declared in favor of parties who have honestly dealt with the minor, believing him to be of full age.

So when a stranger purchases the property of a defendant at an execution sale, and the defendant in the execution would set aside the sale, for some device therein, and recover the property, he must tender the purchase money. (Howard vs. Nott, 5 T., 290.) But it is held that a fraudulent purchase at such a sale is not entitled to the benefits of this rule (Freeman on Void Jud. Sales, Sec. 52 and cases cited.)

We need not, however, speculate upon the similarity of the defendant's position to that of a fraudulent purchaser. The proffer to do equity made by appellant was, we think, sufficient under the circumstances, and if his allegations as to the amount of indebtedness were somewhat indefinite, the defendant probably had sufficient knowledge upon the subject not to stand in need of the information. We think the plaintiff was entitled to have a trial upon the facts.

Our opinion is, therefore that the judgment should be reversed and the cause remanded.