### M. RANDA BROWN, ADMINISTRATRIX, v. W. K. WHEELOCK.

#### No. 6827.

1.  **Disability of Minority, Removal of.**—The function of acting upon applications to remove the disability of minority devolved upon the District Courts is not strictly judicial.   The power conferred is one which was within the power of the Legislature to grant.

2.  **Same—Power of District Judge.**—We think the power given by the statute must be regarded as an authority conferred upon the district judge as a commissioner, to be exercised while holding the sessions of his court, and not upon the court itself.

3.  **Same—Removal of Disability.**—The act of the district judge in accordance with the statute will have the effect of conferring the rights of majority.

4.  **Same—Presumptions.**—No presumptions should be indulged in favor of the regularity of the order relieving disabilities of minors by a district judge.

5.  **Service of Citation Upon County Judge— Waiver. —** While the statute prescribes that service of notice of the application shall be had upon the county judge, the jurisdiction attaches over the application upon a waiver of service by the county judge.

6.  **Pleading.**—In the litigation the pleadings conceded that the county judge had waived service, and the other proceedings being regular, it was not error to charge the jury that the order of the District Court relieving from minority was conclusive.

7.  **Specific Performance.**—Where specific performance of a contract for sale of land is resisted upon grounds of mental incapacity from habitual drunkenness of the vendor, and the testimony is conflicting, the verdict of the jury sustaining the contract is conclusive.

APPEAL from Dallas.    Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*Wright & Wright,* for appellant. —1.    The court erred in refusing special charge asked by appellant.    [See opinion.]    Acts 17th Leg., 16; 2 Kent, 451; 1 Story Eq. Jur., secs. 32, 34, 36, 39.

2.    The judgment as rendered removing the disabilities of Brisco B. Smith is a nullity, the county judge not having been served with citation.    Acts 17th Leg., 16.

3.    The judgment was not in accordance with the facts.    Reynolds v. De Chaums, 24 Texas, 174; Ellis v. Mathews, 19 Texas, 397; Oliver v.

Chapman, 15 Texas, 403; Trigg v. The State, 49 Texas, 645; 2 Wait's Act. and Def., 507; Crane v. Conklin, 22 Am. Dec., 559; Seymore v. De Lancy, 15 Am. Dec., 274; Fish v. Leser, 69 Ill., 394; Byers v. Seargent, 19 How., 303.

*Morgan & Freeman*, for appellee, cited Rev. Stats., arts. 2096, 2097, 2098; Acts of 1881, chap. 23, p. 16; Reynolds v. De Chaums, 24 Texas, 174; Bowles v. Brice, 66 Texas, 731; Tennell v. Breedlove, 54 Texas, 540; Mikeska v. Blum, 63 Texas, 44.

GAINES, ASSOCIATE JUSTICE.—The appellant having been appointed administratrix of the estate of Brisco B. Smith, deceased, by the County Court of Dallas County, and having qualified as such administratrix and entered upon the execution of her trust, this suit was instituted by appellee against her in said court under article 2096 of the Revised Statutes, to enforce the specific performance of a contract entered into between her intestate and appellee, by which the former agreed to convey to the latter a certain lot in the city of Dallas. There was a trial and judgment in the County Court, and an appeal to the District Court. From a judgment in the latter court this appeal is taken. The petition alleged that the consideration for the sale of the lot was $1000, of which $345 had been paid, and made the contract signed by Smith an exhibit. The order for specific performance was resisted upon two grounds; first, that Smith at the time of the execution of the contract was a minor, and that his disabilities had not been legally removed; and second, that at the time his intellect had been so impaired by the use of intoxicating liquor that he was not capable of dealing with appellee upon equal terms, and that by reason of his incapacity he was overreached in the transaction.

The contract of sale recited that the disabilities of minority of the vendor had been removed, and it was shown by the testimony that at the time it was executed he was under twenty-one years of age. The orders of the District Court upon his application for the removal of his disabilities were read in evidence, and consisted, first, of an entry appointing an attorney to represent him as guardian *ad litem*, and then of the final order of emancipation. The only recitals in the latter were that the applicant, his attorney, and guardian *ad litem* appeared and announced themselves ready for trial, and that it appeared to the court "that it is advisable, and will be advantageous to the minor Brisco B. Smith, to have his disabilities as a minor removed."

The court charged the jury "that the judgment or decree of the District Court of Dallas County removing the disabilities of Brisco Smith is conclusive and can not be attacked or inquired into in this suit." This charge is assigned as error. The instruction puts the order in question upon the same footing as the judgment of a court of general jurisdiction,

and we are of opinion that this position can not be maintained. Can an order which under the statute removes the disabilities of a minor be deemed in strict language the judgment of a court? We think not. It fixes no right; it settles no dispute. It acts merely upon the status of the applicant, enlarges his capacities as a free agent, and as to all matters not political places him upon the plane of persons who have attained their majority. If the proceeding should be deemed judicial, we should be compelled to hold the statute in conflict with the Constitution, for the reason that it attempts to confer upon the District Courts a jurisdiction not embraced in their powers as defined by the Constitution. This court has repeatedly held that the jurisdiction of these courts is strictly limited to the suits mentioned in section 8 of article 5 of our organic law. Harrell v. Lynch, 65 Texas, 146; Ex Parte Towles, 48 Texas, 413; Williamson v. Lane, 52 Texas, 344; The State v. De Gress, 72 Texas, 242.

We think, however, that the function that is devolved upon the courts by the statute in question is not strictly judicial, and that the power conferred is one which was within the authority of the Legislature to grant. At what age the disabilities of minority shall cease is clearly a matter within legislative discretion, and we see no reason why it is not within the law making power to fix the period of minority by general law, and also to provide for the removal of such disabilities in special cases at a shorter period. There is nothing in our Constitution to prohibit this; on the contrary, that provision of section 56 of article 3 which forbids the passage of any special law "declaring any named person of age" indicates that it was contemplated that there might be general legislation providing for that object.

We think the power given by the statute must be regarded as an authority conferred upon the district judge as a commissioner, to be exercised while holding the sessions of his court, and not upon the court itself. He could hardly be compelled to exercise the function; it could hardly be deemed an official duty. Though he should be regarded as acting merely in deference to the will of the Legislature and as a matter of comity, his action in removing the disabilities of minority in any particular case, when done in conformity to the provisions of the law, should be deemed valid and conclusive of the question of the power of the minor thereafter to contract as a person of full age. The Legislature having provided that his action upon certain conditions shall be effectual to confer the rights of majority, except as to political matters, upon certain conditions, we see no good reason why his order should not have effect when made in accordance with the provisions of the statute. State courts confer the rights of citizenship by virtue of the naturalization laws of the United States, although they are constituted for purposes wholly different. It is held in California that the judge of a court may by authority of law perform ministerial acts (People v. Primus, 34 Cal.,

520), but that "when performed they do not become judicial acts because performed by a judicial officer." People v. Bush, 40 Cal., 344. It is true that in the proceeding under consideration the judge should hear evidence and exercise a discretion whether to grant the application or not. The proceeding is ex parte, and the interest of the applicant alone is to be affected or to be considered. Even the public has no interest as against his interest. He has no adversary.

· It follows from what we have said that we are of opinion that no presumptions are to be indulged in favor of the regularity of the order in question. In the language of an eminent English judge: "However high the authority to whom a special statutory power is delegated, we must take care that in the exercise of it facts giving jurisdiction plainly appear, and that the terms of the statute are complied with. The rule applies equally to an order of the lord chancellor as to any order of petty sessions." Colende, J., in 3 Per. & Dav., 208.

We take it the evidence upon which the judge has acted need not be shown. When it is made to appear that the statute has been complied with, then the order should be deemed conclusive. The preliminary steps were not shown in this case, nor did they appear upon the face of the order. We conclude, therefore, that the court erred in the charge complained of, and that for this error the judgment should be reversed.

· In order to show affirmatively that the statute had not been followed, the defendant offered to prove by a witness who held the office of county judge at the time the order was made that no copy of the application was served upon him, but that he waived the service in writing and was not present at the hearing. The testimony was excluded, and its exclusion is assigned as error. We think there was no error to the prejudice of appellant. It was incumbent upon appellee to show that the statute had been followed, and not upon defendant to show the contrary. But the assignment presents a question which will probably arise upon another trial, and we have felt it our duty to consider it. Is it absolutely necessary that the county judge shall be served with a copy of the application, or may he waive the service? We think the statute must be substantially followed, but that a literal compliance is not necessary. We understand the statute to impose the duty upon the county judge, when he is served with an application in such a case, to inquire into the facts, and to oppose the application if he should think it not to the minor's interest that it should be granted. On the other hand, if he should think the contrary, he may favor the application. 2 Sayles' Stats., art. 3361a, sec. 4.

The policy is, in the event the father be dead, to give notice to the officer most likely to know the minor's character, capacities, and surroundings, to the end that his disabilities may not be improvidently removed. We think a copy of the petition should be served upon him,

but that if a petition be presented to him and he examine it and accept notice in writing and waive the copy, that this should be held equivalent to actual service.   It is as fully calculated to subserve all the purposes of the law as if the copy were delivered to him.   Nor do we think it essential to the validity of the proceeding that the county judge should appear upon the hearing.   It may be that he knows no reason either why the application should or should not be granted.   We think his appearance is a matter within his own discretion.   If it had been intended that his appearance at the hearing was necessary, it would seem that the law would not peremptorily have required the appointment of a guardian *ad litem*.   The statute says that it shall be the duty of the guardian *ad litem* "in connection with the county judge to represent the true interests of the minor, as they understand it, in aiding or resisting the application."   But we presume that this means that both may act in the event the county judge is in attendance.

The other assignments of error raise questions bearing upon the second ground of defense, and since they may not arise upon another trial, will not be considered.

For the error of the court which has been pointed out the judgment is reversed and the cause remanded.

Delivered May 3, 1889.


### ON MOTION FOR REHEARING.


GAINES, ASSOCIATE JUSTICE.—At the Austin Term a judgment was rendered reversing the decree of the lower court in this case, and remanding the cause for a new trial.   In the former opinion it was held that the court below erred in charging the jury that the order of the District Court of Dallas County removing the disabilities of minority of Brisco B. Smith was final, and could not be inquired into in this suit.   Our conclusion was based upon the ground that the transcript offered in evidence failed to show that the county judge had been served with a copy of the minor's petition, as required by the statute.   It did, however, appear to us from the record that the county judge had probably accepted service, and we deemed it proper therefore to decide whether or not such acceptance was equivalent to service in such a proceeding.   The question was decided in the affirmative.

In a motion for a rehearing our attention was called to the fact that the appellant, who was defendant in the court below, had pleaded that the county judge had accepted service, and had filed no general denial.   The fact being thus alleged by the defendant, it was not necessary for the plaintiff to prove it, and the rehearing accordingly was granted.

The acceptance alleged was in the following words:   "I, R. E. Burke, judge of Dallas County, Texas, hereby accept service of process in the

within cause, and I enter appearance in the same, and I agree that the said cause may be set for trial and tried at the present term, or at any time the court and petitioner may desire." This shows that the county judge had informed himself of the nature of the petition, and we think, therefore, that his acceptance of notice and waiver of process was as effectual as if a copy of the petition had been actually served.

We see no reason why the application could not be heard and determined at the term during which it was filed. The proceedings are special, and the provisions of our statutes which regulate suits within the ordinary jurisdiction of the District Courts do not apply.

For these reasons, in connection with those stated in the former opinion, we think we were in error in holding that the court below should not have given the charge complained of in appellant's third assignment.

This renders it necessary to pass upon appellant's other assignments of error, except the third, which is virtually disposed of by what has already been said. The first is that the court erred in refusing the following instructions:

"A specific performance of a contract is not enforced or decreed as a matter of course, but only in the exercise of a sound legal discretion. The plaintiff must present a contract which is fair, just, and reasonable, entered into upon an adequate consideration and free from fraud, and not hard, unequal, and unconscionable. Therefore, if you believe from the evidence that at the time the contract was made by the defendant's intestate Brisco B. Smith with W. K. Wheelock, that he, Brisco B. Smith, was an habitual drunkard, and that he had only recently had his disabilities of minority removed, and that the price agreed upon for the purchase of said property was inadequate or not a fair price for said property, and that from these facts and circumstances he, the said Brisco B. Smith, was not on equal footing at the said time said contract of sale was made with said W. K. Wheelock, but that he was overreached and advantage taken of his condition by said W. K. Wheelock to make said contract, you will find for the defendant.

"2. If you believe from the evidence that the judgment of the District Court removing Brisco B. Smith's disabilities of minority was rendered and the matter tried in the absence of Judge R. E. Burke, county judge of Dallas County, then the judgment of the court removing said disabilities is null and void, and you will find for the defendant."

In our opinion the charge given by the court correctly and clearly presented to the jury the law applicable to the facts of the case. The jury were told in effect to find for the defendant if they believed that at the time the contract was entered into between Brisco B. Smith and the plaintiff, Smith's mind had been so impaired by the use of intoxicating liquors that he did not fully understand the effect of the contract or was not competent to know or appreciate the value of the property. They

were also instructed, in effect, that if the inadequacy of price was not such as to shock the sense of justice, they could still look to the price paid or agreed to be paid for the property, together with all the surroundings' of Smith and his mental condition at the time, in determining whether or not he was incompetent to understand and appreciate the nature of the contract he made.

The two leading issues of fact relied on by the defendant were as to mental incapacity of Smith resulting from continued drunkenness, and as to the inadequacy of price. Upon both questions so presented by the evidence and pleadings the testimony was conflicting. The first instruction requested, if it could be deemed correct as applicable to any case, contains expressions well calculated to mislead the jury under the evidence in the case before us, and we think therefore it was not error to refuse it.

The question of the correctness of the second charge requested is determined in the negative by the conclusions reached in this and the former opinion. The same may be said of the second error assigned.

The fourth assignment complains that the court erred in overruling the motion for a new trial. The ground of the motion here relied on is that the verdict is contrary to the evidence upon the questions of the mental capacity of Smith at the time he made the contract, and the inadequacy of price.

We deem it sufficient to say in regard to this assignment that the evidence was conflicting upon these points, and that under such circumstances a verdict can not be disturbed in this court.

The judgment is affirmed.

*Affirmed.*

Delivered December 3, 1889.