MATT FURRH ET AL. v. W. L. McKNIGHT, BY NEXT FRIEND, WILLIAM BRIGGS.

No. 493.

**Right of Minor to His Earnings.** — A mule was bought and paid for by a minor with his own earnings after his father had relinquished all control over him and all right to his services and earnings. Being levied on to satisfy a debt of the father, *Held*, that the mule belonged to to the minor, and was not liable for his father's debts.

APPEAL from Panola. Tried below before Hon. W. H. GRAHAM.

*Scott & Jones*, for appellants.—The court erred in refusing to instruct the jury to return a verdict for the defendants, because the uncontradicted evidence shows that the plaintiff W. L. McKnight was under the age of twenty-one years at the time of the levy, and was living with his father, and that his disabilities had never been removed; and therefore the property was liable for the debts of J. W. McKnight. Rev. Stats., art. 3361a, secs. 1–4; 10 Am. and Eng. Encycl. of Law, 615, note 2; Gordon v. Gilfoil, 99 U. S., 178; Louisiana Code, art. 367, et seq.; Allison v. Watson, 36 La. Ann., 616.

*H. N. Nelson*, for appellee.—The father is entitled to the earnings of his minor son. But he may emancipate him and make his future earnings his own:

First. By a formal agreement between the father and child to that effect. Schuster v. Bauman Jewelry Co., 79 Texas, 183; Morse v. Welton, 6 Conn., 547; Atwood v. Holcomb, 39 Conn., 270; Mason v. Hutchins, 32 Vt., 780; Hall v. Hall, 44 N. H., 293.

Second. By the father suffering the child to depart and act for himself and employ his own services at his option. Johnson v. Terry, 34 Conn., 259; Everett v. Sherly, 1 Iowa, 356; Whiting v. Earl, 3 Pick., 201; Bell v. Bumpus, 29 N. W. Rep., 862.

No formal emancipation is necessary. Sword v. Keith, 31 Mich., 247; 36 Mich., 319.

A child may be emancipated and still live at home. Donegan v. Davis, 66 Ala., 362.


WILLIAMS, ASSOCIATE JUSTICE.—A mule, which had been bought and paid for by appellee, a minor, with his own earnings, was attached and appropriated by appellant to the payment of a debt of appellee's father. Before the mule was acquired by appellee, his father had relinquished all control over him and all right to his services or earnings. In this suit the minor recovered a judgment, from which this appeal is taken, for the value of the mule.

The only question is, whether the mule belonged to the plaintiff or to his father.

It is settled by the great weight of authority, that such an agreement as that which was made in this case between parent and child is valid, and entitles the child to the earnings which are the results of his own labor. But it is contended, that in this State an infant can only be emancipated by decree of a court in accordance with the statute. We can see nothing in the statute which conflicts with the general rule. The statute provides for the removal of the minor's disabilities, which could not be done by the act of the father. The parent by his agreement only relinquishes his own rights over the child. Schoul. Dom. Rel., 267a, 268; Schuster v. Bauman Jewelry Co., 79 Texas, 183.

The judgment is correct and will be affirmed.

*Affirmed.*

Delivered March 29, 1894.