**TURNER v. BROWN. (No. 1914.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 7, 1918.)

PARENT AND CHILD ⟷16—EMANCIPATION—EFFECT.

If a claimant of property levied on under execution against his father was emancipated by his father at the age of 17, and afterwards did business for himself and in his own name, and rented land and grew the cotton levied on at his own sole charge and expense, the cotton belonged to him, and not to his father.

Appeal from Hopkins County Court; T. J. Tucker, Judge.

J. F. Turner caused execution to be levied against certain cotton, and Victor A. Brown filed affidavit and bond to try the right of property. Judgment for Brown, and Turner appeals. Affirmed.

M. D. Carlock, of Winnsboro, for appellant. G. H. Crane, of Sulphur Springs, and A. B. Crane, of Matador, for appellee.

WILLSON, C. J. Appellant caused an execution issued on a judgment he had obtained against one W. O. Brown to be levied on a bale and a half of cotton grown by appellee (a minor son of said Brown) on land he (appellee) rented of one Greer. Appellee claimed to own the cotton, and filed an affidavit and bond to try the right of property therein as provided by the statute. Article 7769 et seq., Vernon's Statutes. The judgment appealed from was in his favor. Conceding that appellee 20 years old at the time of the trial, was emancipated by his father when he was 17 years of age, that ever thereafterwards he did business "for himself and in his own name," and that he rented land and grew the cotton in question thereon at his own sole charge and expense, appellant insists that the cotton, nevertheless, belonged to appellee's father and was subject to the execution levied on it. That the law is to the contrary of appellant's contention is well established. 29 Cyc. 1625, 1626, 1628; Furrh v. McKnight, 6 Tex. Civ. App. 583, 26 S. W. 95.

The judgment is affirmed.

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes