**HOBBS v. BOYD et al.   (No. 7717.)**

Court of Civil Appeals of Texas. San Antonio. March 2, 1927.

1. Infants ⚖️11—Proceeding to remove minor's disabilities is judicial, and judgment should be viewed as any other judgment (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948; constitutional amendment of 1891 [article 5, § 8]).

Proceeding to remove disabilities of minor, brought under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948, is judicial, and judgment should be viewed as any other judgment of court

of competent jurisdiction, in view of constitutional amendment of 1891 (article 5, § 8).

2. Evidence ⚖️82—In suit to set aside decree removing minor's disabilities, it is presumed that minor's residence was proved as alleged in former suit.

In suit to set aside decree removing disabilities of minor, it will be presumed that residence of such minor was proved as alleged in former suit.

3. Judgment ⚖️461(2)—In suit to set aside decree removing minor's disabilities, court might use petition and judgment in former suit to determine whether that court had jurisdiction.

In suit to set aside decree removing disabilities of minor, court may use petition and judgment in former suit in determining whether court had jurisdiction of that case, where there was agreement that such petition and judgment were used in former case, especially where cases were tried in same court.

4. Evidence ⚖️43(1)—Judge of district court may take cognizance of records of such court.

Judge of district court may take cognizance of records of his own court.

5. Infants ⚖️11—Order removing disabilities of minor is deemed conclusive without showing of evidence on which judge acted, where statute was complied with (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948).

Where it appears that Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948, have been complied with in suit to remove disabilities of minor, order of removal should be deemed conclusive without showing of evidence on which judge acted.

6. Infants ⚖️11—Order removing disabilities of minor cannot be set aside by evidence outside record (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948).

Record as to removal of disabilities of minor under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948, is conclusive, where statute is complied with, and order cannot be set aside by evidence outside record.

7. Domicile ⚖️5—Parents' residence at time of death does not fix perpetual residence for minor children.

Residence of parents at time of their death does not fix perpetual residence for their minor children.

8. Infants ⚖️11—Recitals in order removing disabilities of minor that special guardian and county judge, who was served with copy of petition, asked that disabilities be removed, held to import absolute verity to order.

Where all statutory requirements were complied with in suit for removal of disabilities of minor, recitals in order of removal that special guardian was appointed and county judge served with copy of petition, and that both asked that disabilities be removed, held to import absolute verity to order, and conclusive against everyone.

9. **Limitation of actions** ⊜⇒78—Limitation to contest judgment removing minor's disabilities began to run against minor heirs of deceased minor, whose disability was removed immediately on latter's death (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948).

Limitation to contest judgment removing disabilities of minor under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5947, 5948, began to run against minor heirs of deceased minor, whose disability was removed, immediately on latter's death, though it had not yet begun to run against latter, since disabilities cannot be linked together.

Appeal from District Court, Bexar County; O. M. Fitzhugh, Judge.

Action by Louis Edward Hobbs against Arthur J. Boyd and others. A general demurrer and special exceptions to the petition were sustained, and plaintiff appeals. Affirmed.

Wm. C. Church, Douglas N. Lawley, and James V. Graves, all of San Antonio, for appellant.

Kelso & Kelso and Templeton, Brooks, Napier & Brown, all of San Antonio, and H. S. Garrett, of Fort Worth, for appellees.

FLY, C. J. This is an appeal from a judgment of the district court sustaining a general demurrer and special exceptions to a petition filed by Nannie B. Lawley, on February 8, 1926, as guardian of Louis Edward Hobbs, a minor, who reached his majority shortly thereafter, and adopted the pleadings of the guardian as his own. The object of the suit was to set aside and nullify a decree of the district court in removing the disabilities of George W. Hobbs, a minor 19 years of age, on October 28, 1914, on a charge of fraud in misrepresenting that the minor was a resident of Bexar county, or in failing to represent where he resided, or that he was 19 years of age. The petition alleged that it was stated in the original petition of George W. Hobbs that he resided in Bexar county, and was over 19 years of age. It is provided in article 5947, Rev. Stats. of 1914 (Vernon's Sayles') that:

"Any minor in this state over the age of nineteen years, who may desire to have his disabilities as a minor removed, shall, by a bill or petition, present to the district court of the county where he may reside the cause or causes existing which make it advisable or advantageous to said minor to have his disabilities removed, which bill or petition shall be sworn to by some person cognizant of the facts set out in said bill or petition."

In article 5948, Rev. Stats. of 1914, it is provided that the petition or bill shall be docketed on the trial docket of the court, and may be heard by the court either in regular order or at any time during term time, and the court hears the cause, and the court enters the decree, and causes it to be entered of record among the decrees and judgments of the court. The Supreme Court of Texas holds that an order removing the disabilities of a minor is not deemed in strict language the judgment of a court. Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 841. In holding as it did in that case, the court said:

"If the proceeding should be deemed judicial, we should be compelled to hold the statute in conflict with the Constitution, for the reason that it attempts to confer upon the district courts a jurisdiction not embraced in their powers as defined by the Constitution."

[1] That opinion was written in 1889 before the Constitution as to the jurisdiction of district courts had been amended, and may have been correct. However, in 1891, the Constitution was amended, and the jurisdiction of the district court greatly enlarged, and it is specially provided (article 5, § 8) that the district court shall have "original jurisdiction and general control over executors, administrators, guardians and minors, under such regulations as may be prescribed by law." In addition, as if to cover everything, it is provided:

"And shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

This language seems broad and comprehensive enough to embrace every case a court could be called upon to entertain, and yet, in 1911, the Supreme Court reiterated the ruling in the case of Brown v. Wheelock, cited herein, without reference to the Constitution as amended. Cunningham v. Robison, 104 Tex. 227, 136 S. W. 441. The last opinion in following the former case seemed to forget the amendment of 1891, which gave the district court jurisdiction of every case not specially given to some other court, and we contend that the decree of the district court as to removing the disabilities of the minor should have the same consideration and given the same verity as any other judgment of that court. Every presumption allowed as to any judgment should be allowed as to the judgment removing the disabilities of a minor. It may be that it is not essential to the decision in this case, but we deem it proper to call attention to the amendment of the Constitution of 1891, that met everything said in Brown v. Wheelock, as to the force and effect of a judgment removing the disability of minority, and holding that the judgment should be viewed as any other judgment of a court of competent jurisdiction.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2-4] It has been held that a failure to allege in the petition, or show on the record, that the minor desiring the removal of his disabilities resides in the county where the petition is filed, will render the judgment or decree void. Cunningham v. Robison, herein cited. In the petition in this case to set aside the judgment removing disabilities, it is alleged that neither the petition nor the decree shows the residence of the minor. The judgment recites that it was agreed that the petition and judgment were in words and terms as set out in the judgment in this case, and the first clause in the petition alleges that "your petitioner, George W. Hobbs, who resides in Bexar county," etc. It must be presumed that residence was proved as alleged. The agreement that the petition and order in the original case were as copied into the judgment to be used for no purpose cannot be sustained, and must have been intended to be used by the court, as they were used, to show whether or not the court had jurisdiction of the disability case. The court, it appears from the recitals in the judgment, used the copies of petition and order as bearing upon the pleadings of appellant. No objection was made to such copies on the ground that they should not have been considered in passing upon exceptions, but only on the ground that "said petition was not a part of the record in said cause for the removal of disabilities." This objection was made in the face of an agreement by appellant that the petition and judgment were those used and made in the case to remove the disabilities of the minor, George W. Hobbs. The court had the right to use the records in the original suit under the agreement, if for no other reason. This cause was tried in the same court in which the disabilities were removed, and we doubt not that the judge had the authority to take cognizance of the records of his own court. Farrar v. Bates, 55 Tex. 193; Edgar v. McDonald (Tex. Civ. App.) 106 S. W. 1135. In the face of the allegations of a petition, which appellant agreed could be used by the court, in the face of the rule that the court could take judicial notice of its own records in the same case, appellant has devoted most of his brief to the contention that the petition must allege the residence of the minor. In his statement under his first proposition he copies the original petition or application in the case which shows every fact required by the statute.

[5] Even under the ruling in Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 841, given when the jurisdiction of the district court was restricted by the Constitution, the court said in regard to proceedings to remove minority disabilities:

"We take it the evidence upon which the judge has acted need not be shown. When it is made to appear that the statute has been complied with, then the order should be deemed conclusive."

So in this case, an appellant should not be heard in an attack on such order, especially when the jurisdiction now conferred on the district court gives an order in such case the same dignity as the decree or judgment in any other case. It is held in the case of Railway v. Lemons, 109 Tex. 244, 206 S. W. 75, 5 A. L. R. 943, that "the recital of facts on the face of the proceedings, which sustain the jurisdiction, cannot be collaterally impeached." It is significant that the decisions holding that the decisions of a court in removing disabilities are not to be treated as judgments in other cases are not cited, and the court does not sustain them in any particular. On the other hand, a reference to the Arkansas case of Young v. Hiner, 72 Ark. 299, 79 S. W. 1062, would indicate a disposition at least not to approve Cunningham v. Robison, herein cited.

[6] It is not alleged that the appellees were guilty of any fraud in connection with removing the minor's disabilities, except Boyd, and they have done nothing that should call down on them any condemnation for fraud committed, if at all, by others. The application and order were in statutory form, regular in every respect, and the record as to removing the disabilities of the minor is conclusive and cannot be set aside by evidence de hors the record.

[7, 8] The fraud is alleged to have been perpetrated by a representation on the part of Boyd and C. C. Clamp that the minor lived in Bexar county. There was no allegation that George W. Hobbs sold the land for less than the full value, nor that the purchase money was not paid to George W. Hobbs and appropriated and used by him. The parents of George W. Hobbs were dead when he applied to have his disabilities removed, and their residence at the time of their death did not fix a perpetual residence for their minor children. All the charges of fraud are mere conclusions of the pleader without stating sufficient facts on which to base them. The allegations as to fraud in connection with the application for removal of minority are made in the face of the fact that George W. Hobbs swore to his application, and stated that the facts alleged as to residence and his age were, as appellant admits they were, alleged in the petition for removal of disabilities. Not only that, but the order of removal of minority showed that a special guardian was appointed to represent the minor, and that the county judge was served with a copy of the petition, and answered that the application should be granted, and the special guardian asked that the disabilities of the minor be removed, giving his reasons therefor. Everything required by law was done, and the in-

terests of the minor in every way guarded and protected. These recitals import absolute verity to the order, and were conclusive against every one.

[9] George W. Hobbs died on February 26th, and was a minor at that time, and, if the judgment removing his disabilities was null and void, and although limitation would not run against him, still when he died limitation would begin to run against his heir, although a minor, for the reason that minority could not be tacked on to minority in bar of the statute. The statute of limitation began to run against appellant at least in the latter part of 1916, and consequently his claim was barred under the two or four year statute. Best v. Nix, 6 Tex. Civ. App. 349, 25 S. W. 130. As said in Hunton v. Nichols, 55 Tex. 217:

"The saving of the statute is only to those to whom the right first accrues. Successive or cumulative disabilities are of no avail. This is the settled construction of statutes of limitation; otherwise, statutes intended for the repose and peace of society by these saving clauses of coverture and minority, by an opposite construction would have the effect of defeating the benign object of such laws; and so, as it is said, 'a right might travel through minorities for centuries.'"

The statute is plain on the subject. "The period of limitation shall not be extended by the connection of one disability with another." That is, the period of stay of limitation of George W. Hobbs' minority shall not be extended by connection with the disability of minority of Louis Edward Hobbs.

This suit was brought by the guardian of Louis Edward Hobbs on February 8, 1926, 11 years after the death of George W. Hobbs, and more than 9 years after his majority, had he lived.

The judgment will be affirmed.