## DALLAS JOINT STOCK LAND BANK OF DALLAS v. DOLAN et al.

### No. 3312.

Court of Civil Appeals of Texas. El Paso.

Feb. 13, 1936.

Rehearing Granted March 12, 1936.

Rehearing Denied April 9, 1936.

Wm. Andress, Jr., and Renfro, McCombs & Kilgore, all of Dallas, for appellant.

Sid Malone, of Beeville, for appellee.

WALTHALL, Justice.

On December 17, 1932, appellee, M. O. Dolan, filed this suit in statutory form of trespass to try title to an undivided one-half interest in 565 acres of land in Live Oak county, fully described in his petition. The suit is brought against Mrs. Ella H. Johnson, appellee's mother, Frank Johnson, appellee's stepfather, and appellant, the Dallas Joint Stock Land Bank of Dallas, a corporation. The appellant, which we designate as Land Bank, answered by plea of not guilty and pleas of statutes of limitation, and filed a cross-action for all of the land against appellee, his mother, stepfather, and two tenants on the land.

Upon the trial, the appellee and appellant were the only ones actively participating in the suit.

On January 2, 1926, appellee, M. O. Dolan, executed and delivered a deed conveying said land to his mother, Mrs. Ella H. Johnson, and, as said by appellant, the basic questions involved in the suit were questions growing out of the minority of appellee Dolan at the time he executed said deed to his mother, and whether or not after reaching his majority he disaffirmed the execution of said deed within a reasonable length of time, or whether he ratified and confirmed it. On the trial on special issues submitted, the jury found all issues in favor of appellee, and the trial court entered judgment for appellee for one-fourth of the land, and appellant appeals.

### Opinion.

Appellant is claiming title to the entire tract of land. On the trial it was agreed, in writing, that M. O. Dolan, the father of appellee, now deceased, was the common source of title. It was made to appear on the trial without controversy that M. O. Dolan, the deceased, owned, as his separate property, the land in controversy; that the deceased died intestate.

Appellant offered in evidence a certified copy of a deed from appellee, M. O. Dolan, and Lyla Dolan Duke, joined by her husband, to Ella M. Johnson, of date January 2, 1926, and filed for record. The consideration for the deed was "natural love and affection," conveying to Ella M. Johnson all of the land in controversy.

Apparently, appellee and his sister Lyla were the only children of M. O. Dolan, deceased, surviving him.

Appellant introduced in evidence a deed of trust signed by Ella M. Johnson and husband, conveying said land in trust to a trustee, and a trustee's deed conveying said land to appellant. The only disputed link in appellant's title is the deed from appellee to his mother, Mrs. Ella M. Johnson, of date January 2, 1926. Appellee claimed the deed to his mother was invalid because it was executed by him during his minority. Proceedings and judgment had in the district court of appellees' residence were shown in evidence in which appellee had his disabilities of minority removed, whereupon appellee contended and offered proof that the district court proceedings and judgment were void because at said times, when said proceedings were had, appellee was less than 19 years of age. Appellant objected to the evidence showing appellee's minority as being a collateral attack upon the proceedings and judgment of the district court, and if the proceedings and judgment were subject to collateral attack, appellant made the contention that appellee had attained his majority on February 19, 1928, but had failed to bring this suit to disaffirm the execution of said deed until nearly 4 years and 10 months had elapsed, and for that reason, as a matter of law, appellee was precluded from taking advantage of his minority; also that appellee had ratified and confirmed the said deed after reaching his majority.

Appellant submits that it was error to permit appellee to collaterally attack the district court judgment by introducing evidence that he was only 18 years of age at the time of the execution of the deed to his mother, Mrs. Ella M. Johnson. The evidence heard shows, and the jury found, that at the time the deed was executed appellee was less than 19 years of age.

■ Article 5921 of the Revised Civil Statutes provides that minors above the age of 19 years may have their disabilities of minority removed, and thereafter held, for all legal purposes, of full age, except as to the right to vote. This statute was passed in the interest of minors, and was not intended to aid others than the minor. Graves v. Hickman, 59 Tex. 381; Furrh v. McKnight, 6 Tex.Civ.App. 583, 26 S.W. 95; Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, and on rehearing 75 Tex. 389, 12 S.W. 841.

The statute conferring upon the minor the right to have the disabilities of minority removed, and the jurisdiction and power given the court by its decree to remove the disabilities of minority exists only when the minor is above the age of 19 years.

Where the minor is of sufficient age to give him the right to have his disabilities as a minor removed, the statute prescribes the procedure to be had; it is by petition stating the grounds relied on, the grounds relied on sworn to by a person cognizant of the facts, and the petition filed in the district court of the county of the minor's residence. That done, other proceedings provided are put in motion, and if the decree be granted a certified copy is recorded.

■ In Gulf, C. & S. F. Ry. Co. v. Lemons et al., 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943, the court, without definitely determining the rule of decision in this state, said that there is authority to the effect that, even where the proceedings to remove a minor's disabilities, as in Texas, are held to be special (Brown v. Wheelock, supra), and not to be supported by the presumption which usually upholds judicial proceedings, yet the recital of facts on the face of the proceedings, which facts sustain the jurisdiction, cannot be collaterally impeached, and referred to cases out of this state as so holding. In that case it was sought to attack some one of the grounds relied on for the removal of the disabilities of the minor, and not the minor's age. By the common law and the law of this state, the status of minority of appellee continues up to the age of 21, and applies to all transactions that affect their estates, and it is only by express statute that a minor over the age of 19 may have his disability of minority removed by conformity to the statutory proceedings.

■ We have concluded that the judgment of the court removing the disabilities of appellee as a minor is a void judgment and not voidable only. It could not be contended that, by assuming jurisdiction and entering judgment removing the minority disability of appellee when appellee was not of that age that gave him the right to have his disability of minority removed, the bare entry of such judgment would have the legal effect to remove the disability. When the right of the minor is lacking the jurisdiction and power of the court to act is lacking. The defense of appellant that appellee had had his disability of minority to

make the deed to his mother removed, is not a suit to enforce the execution of the deed, but the defense rather is to sustain the judgment of the court in removing appellee's disability to make the deed.

If the judgment removing the disability of minority of appellee is void, as we think, appellee could not effectively affirm or disaffirm a void act done under the judgment. But if it should be held that appellee should have disaffirmed the deed to his mother within a reasonable time after arriving at his majority, the jury found that he had done so, and apparently upon sufficient proof.

On appellee's cross-action we have concluded that appellee should recover an undivided one-half of the land rather than a one-fourth, and the judgment is so reformed.

As reformed, the case is affirmed.

On Motion for Rehearing.

In writing the opinion we were under the impression that the land in controversy was owned by M. O. Dolan as his separate property. The evidence shows that the land was the community property of M. O. Dolan and his wife, Mrs. Ella H. Johnson. With this correction of fact, it follows that appellee should recover an undivided one-fourth of the land rather than a one-half, and the opinion is so corrected. The motion is granted to the extent above stated; other than as stated it is overruled.