DALLAS JOINT STOCK LAND BANK OF DALLAS V.
M. O. DOLAN ET AL.

No. 7118. Decided November 9, 1938.
Rehearing overruled January 11, 1939.
(120 S. W., 2d Series, 798.)

*Wm. Andress, Jr., Renfro, McCombs & Kilgore,* all of Dallas, for plaintiff in error.

The plaintiff having permitted evidence to be introduced by witnesses on his behalf and in his present for the purpose of establishing his age as nineteen years, is now entitled to assail the jurisdiction of the court which removed his disability, by showing that he permitted said witnesses to commit perjury. Nevins v. McKee, 61 Texas 412; Pickford v. Talbott, 225 U. S. 651, 32 Sup. Ct. 687, 56 L. Ed. 1240; Smith v. Chipley, 118 Texas 415, 16 S. W. (2d) 269.

*Sid B. Malone,* of Beeville, and *Homer C. DeWolfe* and *Pat Dougherty,* both of Austin, for defendant in error.

The fact that one who occupies a parental relation to a minor and persuades such minor, who is under the age of nineteen, to sign an application for the removal of his disability of minority in order that he may make an apparent gift to that one or his wife, without any benefit to said minor, so that they may exhibit such record right in the land, constitutes such fraud against both the minor, the judiciary and the public policy of this State as to violate and render void the entire transaction, and the minor will, either before or after attaining his majority, be re-invested with his record title as against the original parties to the scheme of having him remove his disabilities. Brown v. Wheelock, 75 Texas 385, 12 S. W. 111; Cunningham v. Robison, 104 Texas 227, 136 S. W. 441; Gulf C. & S. F. Ry. Co. v. Lemons, 109 Texas 244, 206 S. W. 75.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit in trespass to try title, instituted in the District Court of Live Oak County by the defendant in error Michael O'Hara Dolan against the Dallas Joint Stock Land Bank, the plaintiff in error, and Mrs. Ella Johnson, the mother of Dolan, and her husband, Frank Johnson. The suit instituted by Dolan is for the recovery by him of an undivided one-half interest in certain land situated in Live Oak County. The Land Bank in its answer pleaded not guilty and set up a cross action of trespass to try title against the Johnsons and Dolan for the recovery of all said land. The case was tried in said District Court of Live Oak County, before a jury, which resulted in a judgment in favor of Dolan for an undivided one-fourth interest in said land, and in favor of the Land Bank for the remaining undivided three-fourths interest. Mrs. Johnson and her husband did not appeal from the judgment of the trial court, but from said judgment, in so far as same is in favor of Dolan, the Land Bank appealed and the judgment of the trial court was affirmed by the Court of Civil Appeals. (92 S. W. (2d) 1111). The Land Bank has been granted the writ of error.

In view of the conclusion we have reached, it becomes unnecessary to make a detailed statement of the case. The following statement is sufficiently accurate and comprehensive for a proper disposition of the case:

Many years prior to the year 1925, the father of Dolan,

the defendant in error, died intestate. The land involved in this controversy belonged to the community estate of the deceased and his widow who later married Frank Johnson. The defendant in error, Dolan, and his sister each inherited from their father an undivided one-fourth interest in said parcel of land. Sometime later, Mrs. Johnson acquired title to the undivided one-fourth interest which belonged to Dolan's sister. Dolan became eighteen years of age on February 19, 1925. All during that year he was a constituent of the family of his mother and stepfather, and resided with them in La Salle County. On September 28, 1925, the District Judge of La Salle County made the respective orders set out below:

"No. 1532

| "Ex Parte Application of | District Court of La Salle |
|---|---|
| Michael O'Hara Dolan | County, Texas. |
| For Removal of His | September Term, A. D. 1925. |
| Disabilities as a Minor. | |

"On this the 28th day of September, A. D. 1925, at a regular term of this Court, came on to be heard the application of a special guardian for the said Michael O'Hara Dolan, a minor, to represent the true interests of said minor in the above-entitled and numbered cause.

"It is therefore ordered by the Court that W. O. Murray, Jr., Esq., attorney of this Court, be and he is hereby appointed special guardian to represent the true interests of the said minor in this cause.

\* \* \*

"No. 1532

| "Ex Parte Application of | In District Court |
|---|---|
| Michael O'Hara Dolan | La Salle County, Texas, |
| For Removal of His | September Term, A. D. 1925. |
| Disabilities. | |

"On this the 28th day of September, A. D. 1925, came on to be heard the application of Michael O'Hara Dolan for removal of his disabilities as a minor, and also appeared Mason Maney, Special Guardian for said minor, and G. A. Welhausen, County Judge of La Salle County, Texas; and

"It appearing to the Court that the father of said minor is dead, and that it is advisable and would be advantageous to such minor, in person and property, to have his disabilities as a minor removed, and that said minor is over nineteen years old;

"It is therefore ordered, adjudged, and decreed by the Court that the disabilities of said Michael O'Hara Dolan as a minor

be and are hereby removed, and that said minor shall be deemed and held for all legal purposes of full age, except as to voting.

"It is further ordered that applicant pay all costs, including a fee of $10.00 allowed W. O. Murray, Jr., Esq., for acting as special guardian herein, for which execution may issue."

The application of Dolan for the removal of his disabilities of minority, to which the foregoing orders relate, was signed by Dolan himself and same, together with the supporting affidavit attached thereto, reads as follows:

"The State of Texas,     In District Court of
County of La Salle.     La Salle County, Texas,
                         September Term, A. D. 1925.

To The Honorable Covey C. Thomas, Judge of Said Court:

"1. Now comes Michael O'Hara Dolan, who resides in the County of La Salle and State of Texas, and respectfully represents to the Court that he is a minor, over nineteen years of age, and is the owner of property, both real and personal.

"2. That your petitioner is capable of managing his property, and for some time past has been permitted to manage his own affairs, and that it is advisable and would be to the interest and advantage of your petitioner, in person and property, to have his disabilities as a minor removed.

"3. Your petitioner further states that it is for his advantage to have his disabilities removed because he has and maintains and owns an interest in certain real estate in Live Oak County, Texas, and that it is his desire and the desire of all other parties owning an interest in said land that same be divided and distributed to the owners of same.

"4. That your petitioner's father is dead, having died on the 13th day of February, A. D. 1906, and he died in the County of Live Oak, State of Texas.

"Wherefore, your petitioner prays that such notice issue herein as may be necessary, and for order of this Court removing his disabilities as a minor, etc.

                     (Signed) Michael O'Hara Dolan,
                                         Petitioner.

                     (Signed) Willson & Cooper,
                                     Attys. for Petitioner.

"The State of Texas,
County of La Salle.

"Before me, a notary public in and for La Salle County, Texas, on this day personally appeared Frank A. Johnson, who,

being by me duly sworn, says that he has carefully read over the foregoing petition, and is cognizant of the facts set out therein, and that the same are true.

(Signed) Frank A. Johnson.

"Sworn to and subscribed before me, under my official hand and seal, this the 26th day of September, A. D. 1925.

(Signed) W. M. Mealy,
Notary Public in and for
La Salle County, Texas."

On January 2, 1926, Dolan executed to his mother, Mrs. Johnson, a deed of gift conveying to her his entire undivided interest in the parcel of land involved in this suit. Sometime later, the Land Bank acquired all the title held by Mrs. Johnson to the land, and thus acquired title to all said land. Dolan claims the right to disaffirm the said deed which he made to his mother, Mrs. Johnson, on the ground that he was under the age of twenty-one years at the time he executed said deed. The Land Bank claims that Dolan's disabilities as a minor were removed in September, 1925, and in support of this claim introduced in evidence, upon the trial of this case, the orders made by the District Judge of La Salle County, together with the application of Dolan for the removal of his disabilities of minority, which are hereinabove set out. The defendant in error Dolan introduced testimony at the trial of the present case which shows that at the time said proceeding for the removal of his disabilities of minority occurred, he, Dolan, lacked some four months of attaining the age of nineteen years; and from this testimony the jury found, in answer to a special issue submitted to them on the subject, that on September 28, 1925, Dolan was not above the age of nineteen years. A proper disposition of the case does not require that any of the other special issues, which were submitted to the jury, or the answers of the jury thereto, be stated.

The proper disposition of the case turns upon law questions which arise in respect of the validity of the act of the District Judge of La Salle County in ordering the removal of Dolan's disabilities of minority. The statutes bearing on these questions are the following articles of the Revised Statutes of 1925:

"Art. 5921. Requisites of removal. Minors above the age of nineteen years, where it shall appear to their material advantage, may have their disabilities of minority removed, and be thereafter held, for all legal purposes, of full age, except as to the right to vote.

"Art. 5922. Petition and hearing. The petition for such

removal shall state the grounds relied on, whether the parents of the minor are living or dead, and the name and residence of each living parent. Such petition shall be sworn to by a person cognizant of the facts, and shall be filed in the district court of the county where the minor resides, and a hearing had on any day of any term of said court.

"Art. 5923. Citation and procedure. A copy of the petition shall be served upon the father of the minor, if living within the State. If the father be dead, or living without the State, then such service shall be had upon the county judge of the county in which the petition was filed, in which event the trial court shall appoint a special guardian, who shall in connection with the county judge, represent the true interests of the minor in aiding or resisting his application. The judge shall make an allowance to such guardian, which shall be paid out of the estate of such minor, and shall, if the petition be granted, order a certified copy of the decree to be recorded in the deed records of the county where the estate of the minor is situated, the fee for recording to be paid out of the estate of the minor. If the court grants such petition the decree shall specifically adjudge the minor of full age for all legal purposes except as to the right to vote."

■■ In making the emancipation order, which is the subject of dispute in the present suit, the District Judge of La Salle County was not exercising the jurisdiction of a court, but only such special jurisdiction as these statutes provide. For this reason the presumptions which are available to support the validity of a judgment are not available to supply facts upon which the validity of the act of said district judge in ordering the removal of Dolan's disabilities of minority depends. In order for any validity at all to be ascribed, in the present suit, to said act of the District Judge of La Salle County it is essential that all the facts just mentioned be proved. This comprehends not only the facts which disclose that all the prescribed prerequisites to the exercise of potential power in said district judge to make the order were complied with (see Brown v. Wheelock, 75 Texas 385, 12 S. W. 111, 841), but also the facts upon which the existence of such potential power depended, namely, that Dolan was above the age of nineteen years at the time, and resided in La Salle County. Cunningham v. Robison, 104 Texas 227, 136 S. W. 441; Gulf C. & S. F. Ry. Co. v. Lemons, 109 Texas 244, 206 S. W. 75, 5 A. L. R. 943.

■ The question arises in the present case, however, as to what probative force is possessed by the recitals which were

made by the district judge in relation to his act in making such order. This question, so far as we have been able to discover, has never been decided by this Court. The question was not definitely decided in any case which is cited above. However, after a careful study of the statutes hereinabove set out, we have reached the conclusion that any such recital, which recites either or both of the facts upon the existence of which potential power in the district judge to make the emancipation order depends, or which recites any fact which discloses a compliance with any of the prescribed prerequisites to the exercise of such power, is conclusive of the fact recited, except in a suit brought in the proper court to vacate or annul the emancipation order. The reasons which induce this conclusion may be explained in a few words. In the first place, it is not reasonable to suppose that the Legislature meant to bring about the anomaly of a district judge ordering the removal of the disabilities of a minor without being able to ascertain or determine whether or not the facts exist upon which his power to make the order depends and whether or not the prescribed steps which authorize him to exercise such power have been taken. In the second place, the provisions of the several statutes, when considered together, fairly disclose that the design of the Legislature was to provide the district judge with all the means necessary to impart to the emancipation order, which he makes, the quality of stability. To enable the district judge to do this, it was necessary for him to have the authority to determine the existence of all the facts upon which the validity of the order depends. The delegation of this authority to him is therefore implied. A recital of any of such facts, made in connection with or in relation to the making of the emancipation order, is the legal equivalent of a fact finding and imparts a determination by the district judge of the fact recited. Being a determination which the district judge is authorized to make, the verity of the recital is immue from collateral attack.

In the light of what has been already said, we take up for examination, in connection with the statutes, the emancipation order made by the District Judge of La Salle County. It is seen that a recital made by the district judge, in connection with said order, which appears in the same document with the order, is to the effect that Dolan was above age of nineteen years. This recital, as we have seen, is conclusive of the fact recited. The testimony introduced by Dolan to contradict such recital is legally incompetent to do this. The verdict of the jury founded on this incompetent testimony must fall. Another re-

cital is noticed. It is recited that Dolan's application for the removal of his disabilities of minority came on to be heard. The application has been hereinbefore set out and, in form and substance, the same is in substantial conformity with the requirements prescribed in Article 5922. Still another recital is observed. The recital is to the effect that Dolan's father was dead. It is provided in Article 5923 that in such case a copy of the application shall be served on the county judge. It is recited, in substance, that G. A. Welhausen, County Judge of La Salle County, appeared at the hearing of Dolan's application. This appearing of the county judge implies a waiver of the service of a copy of the application. It is settled that a waiver of such service satisfies this provision of the statute. Brown v. Wheelock, supra. It is also to be observed that the same article of the statutes provides, in effect, that in case the father of the minor be dead, the district judge shall "appoint a special guardian, who shall, in connection with the county judge, represent the true interests of the minor in aiding or resisting his application." In pursuance of this provision, the District Judge of La Salle County appointed W. O. Murray, Jr., special guardian of Dolan. The order of appointment has been hereinbefore set out. It is in substantial conformity to the last mentioned statutory provision. In relation to Murray, in his capacity as special guardian, the following language appears in connection with the emancipation order, and is embraced in the same document with said order: "It is further ordered that applicant pay all costs, including a fee of $10.00 allowed W. O. Murray, Jr. Esq., for acting as special guardian herein." This last clause implies the fact that Murray had performed the services which devolved upon him as special guardian for Dolan. It thus appears that the last mentioned provision of Article 5923 was fully complied with. We do not find any recital made by the district judge in connection with the emancipation order which shows that Dolan resided in La Salle County at the time. But that he did reside there at the time is proved by undisputed testimony adduced at the trial of the present case.

We conclude that all the facts upon which the validity of the emancipation order depends have been established in the present case and that said order is valid. It follows, therefore, that said order when made had effect to remove the disabilities of minority under which Dolan rested, except in respect to voting, and that the deed subsequently executed by him to his mother is not subject to disaffirmance by him.

In the respect that the judgment of the trial court is in favor of the defendant in error M. O. Dolan, and the judgment

of affirmance which the Court of Civil Appeals has rendered, the judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause, in said respect, is remanded to the trial court with instructions to said court to enter judgment denying Dolan the recovery sought by him and granting the plaintiff in error, the Dallas Joint Stock Land Bank, a recovery in its cross action against him, of the title to and possession of said land. In all other respects the judgments of the Court of Civil Appeals and the trial court are affirmed.

Opinion adopted by the Supreme Court November 9, 1938.

Rehearing overruled January 11, 1939.