### SPEARS et al. v. HOUSTON FIRE & CASUALTY INS. CO. et al.

### No. 12029.

Court of Civil Appeals of Texas. Galveston.

Dec. 2, 1948.

Rehearing Denied Dec. 23, 1948.

Spiner & Pritchard, of Houston (Quinton Wright, of Houston, of counsel), for appellants.

Walter F. Brown and H. Fletcher Brown, both of Houston, for appellee.

GRAVES, Justice.

This appeal in a compensation cause—under undisputed facts—presents for decision here a single question of law, which may be briefly stated this way:

Did the trial court err in denying the claim of appellant, Juanita Hulsey Spears, to one-half of the compensation benefits inuring under Section 8, Art. 8306, R.C.S. of Texas, to the legal beneficiaries from the accidental death of her father, Fay N. Hulsey, while in the course of his employment, where she was only 20 years and 11 months old at the time of his death, but was then a married woman, and not dependent upon him, pursuant to further Section 8a?

The trial court, on a resort to it from a final award of the Accident Board, allowed the widow of appellant's deceased father, Isabel Hulsey, the full statutory recovery of 360 weeks' compensation against the insurance carrier, the Houston Fire and Casualty Insurance Company, holding her to be the exclusive legal beneficiary of the deceased, and such Company did not appeal therefrom, although it had contested the cause below, and has been named as an appellee upon the appeal-bond of the appellant herein.

There were also left a number of older children of her father, by a former wife, but all of them were above age and non-dependent upon the deceased, which, as indicated, left the contest as to beneficiaries of the benefits involved between the appellant and the widow of the deceased, the appellee Isabel Hulsey.

Wherefore, as appellant herself summarized it in her brief, "the fundamental basis" of her appeal is her contention that: "a 20-year old minor-daughter is a minor

child, within the provisions and benefits under the Workmen's Compensation Act, Art. 8306, Sec. 8a". Her argument for that construction is ably epitomized in this presentment, embodying that view:

"The obvious purpose of the statutory-act of emancipation of the female is to *increase* her contractual powers, and not a lessening or deprivation of an inheritance which she would otherwise be entitled to, nor to change her status with the consequence of depriving her of vested property-rights under the Compensation Act, Article 8306, Section 8a."

This Court is unable to agree with appellant's construction; indeed, she presents no Texas authoritative decision to that purport, but cites as sustaining the principle she relies upon, the holding of the El Paso Court of Civil Appeals in Dallas Joint Stock Land Bank v. Dolan et al., Tex.Civ.App., 92 S.W.2d 1111. This case was reversed by the Supreme Court of Texas, as reported in 132 Tex. 198, 120 S.W.2d 798; but aside from that, such cause was not comparable on its facts to the one here involved, since in that instance a male person who had had his disabilities of minority removed was dealt with, hence the holding appellant so quotes and relies upon had no reference to the situation here presented of a female, who had married, nor can it be reasonably assumed that the court had an instance like the present one in mind at all.

Not only so, but to an apparently contrary purport, our Supreme Court, in the case of Teat v. Jones, 126 Tex. 480, 89 S.W.2d 987, at page 989, refers to a person whose disabilities had been removed as "a former minor"; moreover, there seems to be with us abundant authority tending to indicate that appellant's stated position is untenable; in other words, a review of our authorities convinces this Court that the law in Texas is and has been consistently, since possibly as far back as 1848, when such an emancipation by marriage was first provided for in our statutes, as is prescribed in present Art. 4625 of Vernon's Texas Statutes.

That general statute, under the title of "Husband and Wife", has always heretofore and still does simply provide, in substance, as follows:

"Every female under the age of twenty-one years who shall marry in accordance with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age."

In support of this holding, these further authorities are cited: Marston v. Yaites, Tex.Civ.App., 66 S.W. 867, at page 868; Fischer v. Simon, 95 Tex. 234, 66 S.W. 447; Thompson v. Cragg, 24 Tex. 582, at pages 589, 590, 591; Burr v. Wilson, 18 Tex. 367, at page 376; Thompson v. Crim, 132 Tex. 586, 126 S.W.2d 18, at page 20, Column 1.

On the other hand, the provision appellant now solely depends upon in Section 8a of Art. 8306, which, in specifying whom the compensation provided for in foregoing Section 8 of the law is for the benefit of, merely specifies "and of the minor children, parents and stepmother, without regard to the question of dependency" was not even a part of the compensation law until it was amended in 1917. Vernon's Texas Civil and Criminal Statutes, 1918 Supplement, Art. 5246—15; that is, the entire Section 8a, of which the quoted clause was a part, was not passed until that time; whereas the general guardianship statutes, under the title of "Guardian and Ward", had long defined "Who are Minors", as is still done under present Article of that Title, 4104, Subsection 2, thus defining them: "2. Females under 21 years of age, who have never been married, and males under said age are minors."

The guardianship statute was likewise a general one, and had long been extant, the effect of which was thus declared in Grayson v. Lofland, 21 Tex.Civ.App. 503, 52 S.W. 121, 122, by the Court of Civil Appeals, in which the Supreme Court refused a writ of error, to-wit:

"We think it clear that the above article itself (the limitation statute) removes married women from the category of persons under 21 years of age. But all doubt on the subject is taken away by article

898

2471, Rev.St.1879, declaring that females under 21 years of age who have never married are minors. The action of the court in holding that Mrs. Lofland was not barred, for the reason that it was not a case of tacking of disabilities, was erroneous."

The subject is an interesting one, and might be pursued ad libitum, but it is deemed unnecessary to further belabor the question, since the contrary trend of legislative enactment, under the other cited statutes, like Articles 4104 and 4625, together with the construction given them by our Court of last resort, seem to remove all doubt of what should be the specific construction now of the article under review.

Without further discussion, it is determined that the trial court committed no error, wherefore its judgment will be in all things affirmed.

Affirmed.