

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL.

March 19, 1953

Hon. Frank D. McCown  
County Attorney  
Dallam County  
Dalhart, Texas

Dear Sir:

Opinion No. S-20

Re: Applicability of the compulsory school attendance law to a 16-year-old married female.

You have asked us, in substance, the following question:

> May school authorities compel the attendance of a girl who attains the age of sixteen years after the school year starts, who subsequently marries during the school year and discontinues attendance in school?

Article 4625, Vernon's Civil Statutes, provides:

> "Every female under the age of twenty-one years who shall marry in accordance with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age."

Since it was enacted in 1848 the courts have consistently construed this Article to release a married female minor from the disabilities of a minor. Thompson v. Cragg, 24 Tex. 582 (1859); Burr v. Wilson, 18 Tex. 368 (1857); Spears v. Houston Fire & Casualty Ins. Co., 215 S.W.2d 896 (Tex.Civ.App. 1948, error ref.).

In Article 2892 et seq., Vernon's Civil Statutes, relating to compulsory education, the word "child" is used throughout with relation to the subject and purpose of the title:

"Every child in the State . . . not
more than sixteen years of age shall be re-
quired to attend the public schools . . ."

The Articles of the Penal Code applicable to
compulsory education, Articles 297, 298, 299, Vernon's
Penal Code, likewise use the word "child" throughout in
designating the persons subject to such articles. Under
the Penal Code provisions the "parent or person standing
in parental relation to a child within the compulsory
school attendance ages" is the only person subjected to
penalties for violations thereof. The marriage of a
female releases her from the control of her parents or of
her guardian, and vests the control of her person in her
husband. Burr v. Wilson, 18 Tex. 368 (1857). The hus-
band is not such a person standing in parental relation
as to be subjected to the penalty of the statute.

The delinquent children provisions, Subsection
(e) of Section 3 of Article 2338-1, Vernon's Civil Stat-
utes, read as follows:

". . . The term 'delinquent child'
means any female person over the age of ten
(10) years and under the age of eighteen
(18) years . . .

"(e) or who habitually violates a com-
pulsory school attendance law of this State;
. . ."

As stated above, Article 4625, Vernon's Civil
Statutes, emancipates a minor girl who marries in ac-
cordance with the State laws, and she is deemed of full
age. Being deemed of full age she is no longer subject
to the compulsory attendance law and it follows that
she has not violated such laws by non-attendance so that
she might be declared a delinquent child.

## SUMMARY

A girl attending school who attains the
age of sixteen years and subsequently marries
in accordance with the State laws is not

subject to the compulsory attendance law.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BEL:am

JOHN BEN SHEPPERD
Attorney General

By *Billy C. Lee*

Billy E. Lee
        Assistant