Richard Wayne YOUNGBLOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 62586.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 14, 1983.

Rehearing Denied Nov. 2, 1983.

Danny D. Burns, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Martin Lenoir, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Richard Wayne Youngblood, appellant, after a trial to the court, was convicted of unlawfully appropriating one automobile from Joe Blankensopp. Punishment was assessed at 30 days' confinement in the Dallas County jail. We will reverse the judgment of conviction.

Appellant asserts that as a matter of law the evidence is insufficient to sustain the allegation in the information that Blankensopp was the "owner"[1] of the automobile.

The facts reflect that appellant, who was then 17 years of age, agreed to sell and Blankensopp agreed to buy for $35 a wrecked 1968 Ford automobile. The contract was consummated and Blankensopp obtained possession of the vehicle. After Blankensopp had had possession of the vehicle for approximately two months, he thereafter noticed that the vehicle was no longer where he had put it. Unknown to Blankensopp, appellant had repossessed the vehicle, sold it to a second purchaser for $40, and had it moved to the second purchaser's place of business.

■ We first point out that it is risky business for an adult to knowingly enter into a contract with a person under the age of 18. This is so because the adult is on notice that as a matter of law the minor can during his minority avoid and disaffirm the contract. The only exception to this rule of law is that the minor must not, when entering into the contract, misrepresent his age. See *Teat v. Jones,* 126 Tex. 480, 89 S.W.2d 987 (Tex.Sup.Ct.1936); *Kilgore v. Jordan,* 17 Tex. 341 (1856); *Vogelsang v. Null,* 67 Tex. 465, 3 S.W. 451 (1887). The record expressly reflects that at no time did appellant ever misrepresent his age.

The reasons for the above rule of law, and its application, were aptly stated in *Jones v. State,* 31 Tex.Cr.R. 252, 20 S.W. 578 (Tex.Cr.App.1892), which was one of this Court's first opinions. There, this Court stated the following:

> The law holds that infants are lacking in judgment and understanding sufficient to enable them to guard against their own interests, and the law protects them

---

1. The word "owner," as defined in the Penal Code, see V.T.C.A., Penal Code, Sec. 1.07(24), means the following: "a person who has title to the property, possession of the property whether lawful or not, or a greater right to possession of the property." Also see *Compton v. State,* 607 S.W.2d 246 (Tex.Cr.App.1980), for a discussion of the term "owner." In this instance, the record does not reflect who the title owner of the vehicle might be. Neither the original nor the duplicate original of the certificate of title was introduced into evidence by either the prosecution or the defense.

against their own improvidence and the designs of others by allowing them to avoid any act, contract, or conveyance not manifestly for their interest; and the general rule seems to be, no express contract, when repudiated or disaffirmed by the minor, can be enforced against him.

Although the facts in this cause clearly reflect that it was Blankensopp who probably needed to be protected from appellant, and not vice versa, nevertheless, appellant's contract with Blankensopp was voidable and subject to appellant disaffirming it during his minority. A minor's subsequent sale of property which was the subject of a prior contract works as a disaffirmance of the original contract. *Teat v. Jones*, supra. In this instance, appellant's repossession of the vehicle, albeit done without the consent of Blankensopp, and his subsequent sale of the vehicle, constituted a disaffirmance of the contract between him and Blankensopp, which in turn gave appellant the greater right to possession of the vehicle than Blankensopp.

Because the State has failed to prove its allegation of ownership, the case is reversed with directions to the trial court to enter a judgment of acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151 57 L.Ed.2d 15 (1978).[2]

---

**2.** We point out that had the State alleged and proved that appellant appropriated money from Blankensopp we might have reached a different result. See *Lively v. State,* 74 S.W. 321 (Tex. Cr.App.1903).