**Affirmed and Memorandum Opinion filed April 18, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00677-CV

---

## IN THE SPECIAL INTEREST OF LIVINA JAZELLE LUXTON

---

### On Appeal from the 310th District Court
### Harris County, Texas
### Trial Court Cause No. 2022-73303

---

## MEMORANDUM  OPINION

Livina Jazelle Luxton appeals from the trial court's denial of a request to change the "style, status and condition" of her name. The trial court denied Luxton's request to change the spelling of her name from all capital letters to capital and lowercase letters. The trial court further denied Luxton's request to remove "disabilities of minority," recognizing that Luxton was 38 years old at the time she made the request. We affirm.

### BACKGROUND

On November 7, 2022, Luxton, appearing pro se, filed a "Bill for Petition of

Change of Adult Name and Removal of Disabilities of Minority" On May 26, 2023, Luxton filed an amended "Petition to Change the Name of an Adult" pursuant to Family Code section 45.102 (governing petitions to change the name of an adult). Among other documents, Luxton attached to her amended petition a certified copy of her birth certificate. Luxton's birth certificate spells her name in all capital letters.

At a hearing on Luxton's request, the trial court noted that Luxton was not actually requesting that her name be changed, but that the spelling on the birth certificate be changed to upper and lowercase letters. Luxton explained:

> Well, I'm changing the style, status and condition of the name from the all capital letter LIVINA JAZELLE LUXTON to the Christ — the true Christian name, Livina Jazelle Luxton, with upper and lower — the proper grammar, as well as removing the disability from minority attached to the name.

The trial court denied Luxton's request to change the "style, status and condition" of her name, and, at Luxton's request, filed findings of fact and conclusions of law. As relevant to this appeal, the trial court made the following findings and conclusions:

> 4.     Petitioner's prayer requests the "complainant and her personalities may be removed of their minor disabilities and be united with her estate and other property held in custodianship under other guardian and ward relationships."
>
> 6.     At the time of trial Petitioner was 38 years old.
>
> 7.     Petitioner requested that her name be "changed" to Livina Jazelle Luxton.
>
> 8.     There was no evidence presented that Petitioner's name is anything other than Livina Jazelle Luxton.
>
> 9.     There was no evidence presented that Petitioner has the disabilities of minority.
>
> 10.    There was no evidence presented that Petitioner has a guardianship or is subject to any kind of guardianship.

2

11.    There was no evidence presented that Petitioner has any ward relationships.

Conclusions of Law

12.    The Court may change the name of an adult pursuant to Texas Family Code chapter 45, subchapter B.

13.    The Court may remove the disabilities of a minor under Texas Family Code chapter 31.

14.    Petitioner's name is Livina Jazelle Luxton.

15.    Petitioner is an adult; Petitioner is not a minor.

16.    Petitioner does not have the disabilities of minority.

17.    Petitioner is not entitled to relief under Texas Family Code chapter 45 because her name is already Livina Jazelle Luxton.

18.    Petitioner is not entitled to relief under Texas Family Code 31 because she is not a minor and does not have the disabilities of minority.

Luxton timely appealed the trial court's denial of her petition for name change.

**ISSUES PRESENTED**

In seven issues Luxton, representing herself, contends the trial court erred in denying her petition for name change and her request to "remove all disabilities" of minority. We recite the issues below as presented in Luxton's brief:

1.    Did the District Court err (make a mistake) in denying Appellant's relief requested to change the "style, status, and condition" of the name pursuant to Title 2, Texas Family Code, Chapter 45, Subchapter B without good cause shown?

2.    Was the administrative record of the Appellant, which began with the vital record being registered while Appellant was in an infant status, "whole, complete, and without omission" when the District Court made the decision not to grant the petition for an adult name change?

3.    Can the Appellant be presumed by the District Court a minor in law (or suffer the prejudices of a minor or ward status), after having attained the age of majority if her administrative record is in plain error?

3

4.      Can the Appellant be presumed dead, or possibly the "legal representative" of a decedent estate, pursuant to Title 6, Texas Civil Practice and Remedies Code§ 133.001 and Title 2, Texas Estates Code§§ 454.001, 454.002, and 454.003, or if her parents were not aware of the additional filing requirement pursuant to the Birth Registration Act of 1907 proving she was not stillborn?

5.      Is Appellant's vital record, including her administrative record in the State of Texas, standing in plain error if the required form proving she was not stillborn is currently missing from the record?

6.      Did the District Court errantly perform an abuse of discretion by denying the relief requested by Appellant to change the "style, status, and condition" of the name?

7.      Since the Appellant is living, has attained the age of majority, and has surpassed the age of termination, and suffers no physical or mental disabilities (that are not imposed by law), is there any plausible reason left why the District Court would not decree by order the removal of all disabilities imposed by law, or any other disability imposed by federal or State law - known or unknown?

## ANALYSIS

Like licensed attorneys, litigants appearing on their own behalf must comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444. Failing to require pro se litigants to comply with applicable laws and rules of procedure could give them "an unfair advantage over litigants represented by counsel." *Mansfield State Bank*, 573 S.W.2d at 185.

Construing Luxton's brief liberally, we address her contentions that the trial court erred in denying her petition. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (briefs should be "reasonably, yet liberally" construed so that the right to

4

appellate review is not lost to waiver).[1]

**Name Change**

Whether a petition for a change of name is granted is a matter of judicial discretion. *In re Jones*, 507 S.W.3d 405, 407 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles—i.e., whether the trial court acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The mere fact that a trial court may decide a matter within its discretionary authority in a manner different from an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*.

The guiding rules and principles for determining whether to grant or deny a petition requesting a change of name are found in Texas Family Code, chapter 45. Tex. Fam. Code §§ 45.101–45.107. Section 45.101 grants an adult the right to "file a petition requesting a change of name in the county of the adult's place of residence." Tex. Fam. Code § 45.101. Section 45.102 sets forth the requirements of such a petition. Tex. Fam. Code § 45.102. Subsection (a) requires the petition to be verified and to include: (1) the present name and place of residence of the petitioner; (2) the full name requested for the petitioner; (3) the reason the change in name is requested; (4) whether the petitioner has been the subject of a final felony conviction; (5) whether the petitioner is subject to the registration requirements of sex offenders; and (6) a legible and complete set of the petitioner's fingerprints on a fingerprint card format acceptable to the Department of Public Safety and the Federal Bureau

---

[1] In Luxton's fourth issue she challenges whether she could be presumed dead under the Civil Practice and Remedies Code and the Estates Code. No evidence was presented at trial regarding either code or a presumption of death. We need not address issues not raised before the trial court.

of Investigation. Tex. Fam. Code § 45.102(a).

Section 45.103 sets forth the circumstances under which a trial court must order a change of name:

> The court shall order a change of name under this subchapter for a person other than a person with a final felony conviction or a person subject to the registration requirements of Chapter 62, Code of Criminal Procedure, if the change is in the interest or to the benefit of the petitioner and in the interest of the public.

Tex. Fam. Code § 45.103(a).

Based on the evidence presented, we conclude the trial court did not abuse its discretion in denying Luxton's name change request. As found by the trial court, Luxton did not seek a name change under the statute, but sought to have her name spelled in upper and lowercase letters. There is no evidence that Luxton requested that her name be changed under the statute. The trial court, therefore, did not abuse its discretion in denying the name change. *See In re Rocher*, No. 14-15-00462-CV, 2016 WL 4131626, at *2 (Tex. App.—Houston [14th Dist.] Aug. 2, 2016, no pet.) (mem. op.) (affirming trial court's denial of gender change because name-change statute did not provide authority to do so). None of the authority cited by Luxton to the trial court authorized the court to make the ruling Luxton requested, i.e., spelling her name with upper and lowercase letters.

### Removal of Disabilities of Minority

In Luxton's original petition and in the hearing before the trial court she requested that "disabilities of minority" be removed. The trial court found that Luxton was not a minor at the time she filed her petition and Luxton had not presented evidence pursuant to Chapter 31 of the Family Code that would support removal of the disabilities of minority.

Chapter 31 of the Family Code permits a minor to petition to have the disabilities of minority removed for limited or general purposes. Tex. Fam. Code § 31.001. "This statute was passed in the interest of minors, and was not intended to aid others than the minor." *Dallas Joint Stock Land Bank of Dallas v. Dolan*, 92 S.W.2d 1111, 1112 (Tex. App.—El Paso 1936), *modified on other grounds*, *Dallas Joint Stock Land Bank v. Dolan*, 120 S.W.2d 798 (Tex. Comm'n App. 1938). Because Luxton is not a minor she cannot, under the Family Code, seek to have the "disabilities of minority" removed.

## CONCLUSION

The trial court did not abuse its discretion in denying Luxton's request to change the style of her name from all capital letters to upper and lowercase letters. The trial court further did not abuse its discretion in denying Luxton's request to remove the disabilities of minority as Luxton was not a minor at the time she made the request. We overrule Luxton's issues and affirm the trial court's judgment.


/s/    Jerry Zimmerer
Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

7